

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CLAUDIA DAIGLE,** individually, as an Owner in
the Eldorado Community Improvement Association, Inc.,
a New Mexico non-profit corporation,

      Plaintiff,

v.

CV 22-147 JHR

**FRANCIS J. MATHEW,** individually, and in his
official capacity as Judge at the First Judicial District
Court, Santa Fe County,

**JULIE J. VARGAS,** individually, and in her official
capacity as Judge at the New Mexico Supreme Court,
Santa Fe, New Mexico,

**JOHN P. HAYS,** individually and dba **HAYS & FRIEDMAN, P.A.,**
a corporation, as legal representative of the Eldorado Community
Improvement Association, Inc., a New Mexico non-profit corporation,

**ELDORADO COMMUNITY IMPROVEMENT
ASSOCIATION, INC.,** a New Mexico non-profit
corporation,

**MARK E. YOUNG,** individually and officially as
Covenant Compliance Officer and Architecture Coordinator,
since 2009, Eldorado Community Improvement Association, Inc., a
New Mexico non-profit corporation, and employee of Home Owners
Association Management Company, LLC (HOAMCO),

**GREG D. COLELLO,** individually and officially
as Director of the 2014 Board of Directors, Eldorado
Community Improvement Association, Inc., a New Mexico
non-profit corporation,

**ELAN M. COLELLO,** individually and officially as Director
of the 2011-2012 Board of Directors, Eldorado Community Improvement
Association, Inc., a New Mexico non-profit corporation,

**GREGORY C. BUNDRICK,** individually and officially as Director
of the 2011 Board of Directors, Eldorado Community Improvement Association,
Inc., a New Mexico non-profit corporation,

**TODD G. HANDY,** individually and officially as Treasurer
of the 2011through 2014 Board of Directors, Eldorado Community
Improvement Association, Inc., a New Mexico non-profit corporation,

**LYNN L. MORTENSEN,** individually and officially as
a Director of the 2011-2012 Board of Directors, Eldorado Community Improvement
Association, Inc., a New Mexico non-profit corporation,

**MUNICIPALITY OF SANTA FE AND COUNTY OF SANTA FE,
NEW MEXICO, KATHLEEN S. HOLIAN,** retired Santa Fe County
Commissioner, District 4, in her individual and official capacity, **CRAIG
D. O'HARE,** retired Santa Fe County Energy Programs Specialist, in his
individual and official capacity,

**HECTOR BALDERAS,** as Attorney General for the
State of New Mexico,

**MICHELLE LUJAN GRISHAM,** as Governor
of the State of New Mexico
**AUSTIN MCFALL,** registered agent for the Eldorado Community
Improvement Association, Inc., and management company, Homeowners
Association Management Company ("HOMECO"),

**RONALD ALLEN ZACHARSKI & CHERYL LOUISE
CLARK, LARRY T. & ROBIN PEPIN,
JOSEPH & JANET B. EIGNER, RICHARD G. & AIMEE CANBY,
ROBERT M. CHRISTIE & CYNDE VAN PATTEN,
SCOTT & BARBARA GERBER, AMY BERTELLI & DAVID
COULSON, JOHN E. CHARBONNEAU, ARTHUR HENRY
KAISER & PATRICIA ELAINE, MARK A. TOVERI & SANDRA A.,
HOPE & THOM KIAH, JEFFREY & EMILY BROWN,
MARSHALL G. SMITH & CAROLYN S., DEBRA POULIN,
DIA & KAREN WINOGRAD, RUCH, SUSAN SPIRES TRUST,
DAVID MCDONALD & ANNE SALZMAN, CHRISTIAN L. REHR,
AMANDA SILVERBERG & LOUIS GENGENHUBER,
JAMES L. & SUSAN E. DANIEL, DAVID M. CHAVEZ,
KENNETH D. & LUCINDA O. GREEN, JAMES C. & JOYCE MJ TATE,
JAMES B. & CAROL L. SMOCK, MICHAEL H. & LOUISE ROACH,
ROSE, FRANK WATSON IV & KARA R. DUVAL, SKYE M. &
AMBER GOODRICH, MICHAEL C. & MARY A. SCHNEIDER,
KAREN YINGER, ALEXANDRA R. HEATH, QUENTIN D. COLLINS
& MELIDA, PATRICK M. MCGEE-RUSSELL & DIANNE E. DUEN,
THEODORE DAVID CHO, PAUL KIM INGRAHAM,
DIANA L. KELLEY, RICKI-LEE G. CHAVEZ,**

-1-

PRUETT, JENNIFER JEHL,  DAVID & MEARA GINSBERG,
SHAKESPEARE-JONES, SUZANNE M. & KIMBERLY G.,
KATHERINE E. MORTIMER & ROBERT BRUEN,
ALICE LYNNE DAVY,  ROBERT J. RETHERFORD &
THERESA A. SWAN, ELLIS PISCIOTTA FAMILY TRUST,
NEIL & URSULA FREER,  BRIAN D. WOODS,
LARS W. HANSEN & KIRSTEN R.,  RUSHING, WILLIAM B. &
KRISTEN, SANSOM, THOMAS RICHARD,  BRUCE A. SHAFFER,
ECCARD, LARRY D. & LINDA B.,  WRIGHT JOHNSON,
TRILLIAN & VEDA MICHAEL,  JEFFREY R. SWEERS,
WINNEGAR, JUDY C. & ANDREW J. JR. REV. LIV. TRUST,
RICHARD J. PERKINS & ALICE J. DARILEK,  DAVID & DENICIA
HERNANDEZ,  BRYAN TAGAS & MARGO SPELLMAN,
SUSAN E. RYAN & PAUL L. CHARLO,  GEORGE J. HADDAD &
EMILY C.,  SAUCHELLI, BRIEN & LAUREN E. GOCKLEY,
DAVID W. & GAIL E. FUNK,  EDUARD F. & LINDA J. DEBRUYN,
DIRUGGERIERO, THOMAS & AKIRA S. ANDERSON,
JAMIE SARNS, NATIVE AMERICAN TRIBAL TRADIT,
SOPER, EMMET H & SYLVI SALINAS,  LEWIS, GARETH & LINDA
NEHME,  PETER RIGGS & ELLEN M.,  MICHAEL & LISA ROBLES,
ENGLE, RANDALL K. & EMILY A. JOHNSON,  HALE, ELIZABETH
R. & KELLEY K. HALE JR.,  FINN, LEE SAMUEL & NANCY M. OSTIGUY,
JENNIFER L. ANDERSON & JUDITH M. LAUER,  CAROL A. MAGAI,
JOY BERKLEY TAX PREPARER,  WILLIAM YORK & LAUREL GLADDEN,
SIMONSON, KENNETH & MARTHA CO-TRUSTEES,  MAGDELYN
RHIANNON BRENNAN,  PORTER, JENNIFER M. & AMY L. FREDERICKS,
CLEMENT, JENNIFER,  CHRISTOPHER R. & CHRISTINE J. BRADLEY,
DAVID M. SAMMETH,  CLYDE & ELIZABETH L. MUELLER,
KATHERINE A. KELLEY,  GARCIA, MATTHEW M. & JUSTINE R.,
JOHN W. BING & CATHERINE MERCER, SULTANA, JOHN M. &
MEGHAN E. & ETAL.,  FRANKLIN ELLIS KILMER,  JAMESON, FRANK G. JR. &
JULIA C.,  ROGER & LISA MARIE BEIRIG,  ELIZABETH GLENN,
individually as Owners similarly situated in the Eldorado Community
Improvement Association, Inc. in the Subdivision of Eldorado at Santa Fe,

      Defendants.


**VERIFIED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS and
CONSPIRACY; INDEPENDENT ACTION FOR DECLARATORY AND EQUITABLE
RELIEF FROM JUDGMENT TO REMEDY FRAUD UPON THE COURT; and,
<u>CONSTITUTIONAL CHALLENGE TO A STATUTE AS APPLIED</u>**

-2-

1.       Plaintiff *pro se*, Claudia Daigle (Plaintiff "Daigle"), individually, files this complaint for deprivation of civil rights, privileges and immunity, and equal protection of the laws under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and conspiracy to interfere with civil rights, under 42 U.S.C. § 1985(2)(3); independent action for declaratory, equitable and injunctive relief from judgment to remedy fraud upon the court pursuant to Federal Rule of Civil Procedure 60(d); and, Constitutional challenge to New Mexico statute, NMSA 1978, § 3-18-32(b), as applied, pursuant to Federal Rule of Civil Procedure 5.1.

BACKGROUND

2.       Beginning in approximately 2009, the Eldorado Community Improvement Association, Inc. Board of Directors (the "ECIA") was being infiltrated by owners in an organization called the Sustainable Eldorado Resident's Alliance ("SERA").

3.       In July of 2012, Plaintiff learned that on April 21, 2011, the ECIA had improperly amended the non-binding Guidelines for Amended and Restated Protective Covenants and Building Restrictions for Eldorado at Santa Fe (the "Guidelines"), to allow ground-based solar structures and wind turbines on residential lots, inconsistent with and in violation of the Covenants' Art. I, Sec. 7, Art. II, Sec. 1, Art. II, Sec. 5(d), Art. III, Sec. 1, Art. IV, Sec. 1.

4.       The Covenants, Art. III, Sec. 1, require that the Guidelines "*shall be consistent*" with the Covenants.

5.       The Covenants allow rooftop solar in Art. II, Sec. 5(d).

6.       The Covenants contain a blanket restriction against any permanent structures allowed on any residential lots without the majority consent of owners, which the Defendants ECIA and its designees are aware of, Art. I, Sec. 7, Art. II, Sec. 1.

-3-

7.      The covenants and restrictions referenced herein are stated below, and are true and

correct, and in relevant part,

>    Art. I, Sec. 7. "<u>Structure</u>" shall mean and refer to <u>anything constructed or erected</u>
>    <u>at a more or less permanent location on a lot</u>.
>
>    Art. II, Sec. 1. <u>Residential Use</u>. ...<u>No structures shall be erected, altered, placed or</u>
>    <u>permitted to remain on any residential lot other than</u> single family dwellings,
>    accessory buildings such as studios, garages, greenhouses, recreational facilities
>    and storage sheds, and stables on lots on which horses are permitted to be kept. ...
>
>    Art. II. Sec. 5(d). <u>Architectural Approval</u>. ... <u>Roofs</u> shall not be constructed of
>    highly reflective or glare producing materials, but may include skylights,
>    <u>solar panels</u> and clerestories.
>
>    Art. III, Sec. 1. <u>Adoption of Rules, Regulations and Guidelines</u>. The ECIA
>    Board of Directors or its designee(s) is empowered to adopt and enforce
>    written rules, regulations and guidelines for the interpretation, implementation,
>    and enforcement of this Restated Declaration and the exercise of the Board's
>    powers and duties hereunder, <u>which *shall* be consistent with this Restated</u>
>    <u>Declaration</u>. ...
>
>    Art. IV, Sec. 1. <u>Amendment</u>. The ECIA, its successors and assigns, hereby
>    reserves the right to amend these covenants and building restrictions in whole
>    or in part, <u>provided that the then owner or owners of a majority of the lots</u>
>    <u>covered by this Restated Declaration consent to such amendments</u>. ...
>    (emphases added)

8.      Upon Plaintiff Daigle's discovery of the alleged breach in 2012, the Plaintiff spoke with

ECIA Covenant Compliance Officer, Defendant ECIA Young, who stated there was a *federal*

law that required homeowners' associations to allow owners to have whatever amount or kind of

solar they wanted.  Plaintiff requested a citation of such law and was cited NMSA 1978, § 3-18-

32(b), a New Mexico statute.  Plaintiff Daigle read the statute and on its face, the ECIA

Covenants are in full compliance.

9.      Plaintiff Daigle demanded the Defendant ECIA perform a proper covenant vote to

enforce Plaintiff's right to vote to properly amend the Covenants, as required in Art. IV, Sec. 1.

The Defendant ECIA refused.

10.    Plaintiff Daigle filed her Complaint for Mandatory Injunction for Breach of Covenants ("2014 Complaint") on September 26, 2014, cause 02146, in the First Judicial District Court of Santa Fe County, Santa Fe, New Mexico.

## INTRODUCTION

11.    This lawsuit challenges the practices of Defendant Mathew, Defendant Hays and the Defendants ECIA in connection with the defective commencement and fraudulent proceedings of Plaintiff's cause 02146, that deprived Plaintiff Daigle of her protected and substantive cause of action and from fully and fairly litigating her legitimate claims. Plaintiff Daigle's original 2014 Complaint for Mandatory Injunction for Breach of Covenants ("2014 Complaint") was filed on September 26, 2014 in the First Judicial District Court, Santa Fe County. Plaintiff was unaware that her 2014 Complaint was not signed and therefore did not invoke the court's jurisdiction authority over her claims to properly commence her action.

12.    Plaintiff alleges Defendant Hays and Defendant Mathew misled the Plaintiff into believing her claims and the Defendant ECIA were properly before the court, then usurped the Plaintiff's protected substantive cause of action to gain a decision for the Defendants, and the State, based on NMSA 1978, § 3-18-32(b), then dismissed Plaintiff's 2014 Complaint with prejudice.

13.    Plaintiff discovered her 2014 Complaint was defective in October of 2016. Plaintiff filed her Rule 1-060(b)(4) Motion to Void and Vacate Judgment Orders for Want of Jurisdiction, and documents in support ("MTV") in her original action, cause 02146, on December 31, 2018 and her MTV was denied on January 28, 2019, as frivolous. Defendant Mathew then initiated and

imposed Rule 11 sanctions against the Plaintiff for the Defendant ECIA in the amount of $7,806.39, without an order to show cause, without findings and conclusions, without a hearing, without due process, and Plaintiff alleges without authority to impose sanctions, as Plaintiff alleges cause 02146 is a nullity.

14.    In October of 2020, Plaintiff Daigle discovered a State action conspiracy behind her claims in cause 02146. After the ECIA improperly amended the Guidelines on April 21, 2011, the ECIA and its designees, specifically Defendant ECIA Colello and a group of owners in the ECIA who were members of SERA (Sustainable Eldorado Residents Alliance), an organization who began infiltrating the ECIA in 2009, three owners of which were employees with three separate solar companies, under color of law, made an agreement to plan a pilot project with City and County of Santa Fe state actors and officials, and others, to purchase and install numerous solar structures, including large 48-panel ground-based structures, on residential lots in the ECIA subdivision. City of Santa Fe Resolution 2013-14 and Santa Fe County Resolution 2013-50 direct staff to work with community planning organizations to implement a community solar program in Santa Fe County. A page from the SERA website, printed in 2014 states as one of SERA's Eldorado goals, "Increase Solar PV for homes and research small-scale neighborhood solar farms." Plaintiff alleges it is this joint nexus and NMSA 1978, § 3-18-32(b) that formed the basis for the fraudulent actions taken by the Defendants ECIA, as well as the fraudulent actions in cause 02146 that enabled the judicial decision the State wanted and a fraud upon the court.

15.    Their actions, and the application of New Mexico law that enabled them, are unconstitutional as applied.

## THE PARTIES

16.    Claudia Daigle (Plaintiff "Daigle") is an individual resident of the State of New Mexico

and a thirty-one-year member, resident and owner of the property at 4 Conchas Place, in the

Eldorado Community Improvement Association, Inc., located in Eldorado at Santa Fe, in Santa

Fe County, New Mexico.  Plaintiff Daigle was an original party in civil action Claudia Daigle v.

Eldorado Community Improvement Association, Inc., civil cause no.

D-101-CV-2014-02146 (cause "02146"), filed in the First Judicial District Court of Santa Fe

County on September 26, 2014.

17.    The Honorable Judge Francis J. Mathew (Defendant "Mathew") upon information and

belief, is an individual resident of the State of New Mexico and a judge for the State of New

Mexico, Division I, at the First Judicial District Court of Santa Fe County, 225 Montezuma

Avenue, Santa Fe, New Mexico 87501, and was presiding judge in Plaintiff Daigle's original

cause of action, cause no. 02146, filed on September 26, 2014.

18.    The Honorable Judge Julie J. Vargas (Defendant "Vargas") upon information and belief,

is an individual resident of the State of New Mexico and a judge for the State of New Mexico,

237 Don Gaspar Avenue, Santa Fe, New Mexico 87501, and was presiding judge in case A-1-

CA-38045, Plaintiff Daigle's Court of Appeals appeal of the orders denying her MTV and

imposed sanctions in cause 02146.

19.    John P. Hays, Esq., Defendant ("Hays"), is an individual resident of the State of New

Mexico, and shareholder in Hays & Friedman, P.A., 530 B Harkle Road, Santa Fe, New Mexico

87505.  Defendant Hays was ECIA attorney for many years until 2016, and represented the

ECIA and its Board of Directors as counsel in cause 02146, from 2014-2015 and 2018-2019, and

-7-

cause 02100 in 2016.

20.     Municipality of Santa Fe (Defendant "SF City") and Santa Fe County (Defendant "SF County"), jointly, (Defendants "Santa Fe"), Santa Fe, New Mexico, Kathleen S. Holian (Defendant "Holian"), is an individual resident of the State of New Mexico, and retired Santa Fe County Commissioner, District 4, in her official and individual capacity, Craig D. O'Hare (Defendant "O'Hare") jointly (Defendants "Santa Fe"), is an individual resident of the State of New Mexico, and retired, Santa Fe County Energy Programs Specialist, in his individual and official capacity.  Defendants Santa Fe allegedly conspired with and took action with Defendant ECIA Colello, Defendant ECIA, Defendant ECIA Young and others under color of law.  200 Lincoln Avenue, Santa Fe, New Mexico 87501; 100 Catron Street, Santa Fe, New Mexico 87501.

21.     Hector Balderas, Attorney General for the State of New Mexico, Galisteo Street, Santa Fe, New Mexico 87504.

22.     Michelle Lujan Grisham, Governor of the State of New Mexico, 490 Old Santa Fe Trail, Santa Fe, New Mexico 87501.

23.     The Eldorado Community Improvement Association, Inc.  (Defendant "ECIA"), 1 La Hacienda Loop, Santa Fe, New Mexico 87508, is a New Mexico non-profit corporation organized and doing business under the laws of the State of New Mexico, and is the homeowners' association for the Eldorado at Santa Fe subdivision located in Santa Fe County, New Mexico.  As such, the ECIA is charged with enforcing the Amended and Restated Protective Covenants and Building Restrictions for Eldorado at Santa Fe (the "Covenants"), recorded on April 24, 1996 in the State of New Mexico, Santa Fe County, Book 1263, Pages

1263-581 to 1263-598, document 942,890. The original Protective Covenants and Building

Restrictions for Eldorado at Santa Fe, dated July 10, 1972, were recorded and effectuated on July

18, 1972 in the State of New Mexico, Santa Fe County, Book 292, Pages 292-611 to 292-622,

document 345,124. Defendant ECIA was an original party Defendant to Claudia Daigle v.

Eldorado Community Improvement Association, Inc., Civil cause no. 02146.

24.     Mark E. Young (Defendant ECIA "Young"), is an individual resident of the State of New

Mexico, is an owner and resident of 47 Camerada Road, in the Eldorado Community

Improvement Association, Inc., located in the Eldorado at Santa Fe subdivision, and is employed

as the Covenant Compliance Officer and Architecture Coordinator, since 2009, for the Eldorado

Community Improvement Association, Inc., a New Mexico non-profit corporation, and

employee of Homeowners Association Management Company, LLC ("HOAMCO"), registered

in Arizona and doing business at 8700A Education Pl, NW, Albuquerque, NM 87114.

Defendant ECIA Young initiated a request for information from ECIA attorney, Defendant Hays,

regarding allowing ground-based solar structures on residential lots by using the Guidelines.

25.     Greg D. Colello (Defendant ECIA " Colello") is an individual resident of the State of

New Mexico, is an owner of 4 Monte Alto Way in the Eldorado Community Improvement

Association, Inc., located in the Eldorado at Santa Fe subdivision, was an active participant with

City and County of Santa Fe officials under color of law as a designee of the ECIA

Sustainability, Planning, and Education Committee (SPEC), and was a Director of the 2014

ECIA Board of Directors during cause 02146.

26.     Elan M. Colello (Defendant ECIA "E. Colello") is an individual resident of the State of

New Mexico, son of Greg G. Colello, and was a Director of the 2011-2012 ECIA Board of Directors, who voted to allow ground-based solar structures on residential lots in the Guidelines in 2011.

27.    Gregory C. Bundrick (Defendant ECIA "Bundrick") upon information and belief, is an individual resident of the State of Kentucky, is an owner of 407 Forbes Street, and was a Director of the 2011 ECIA Board of Directors who voted to allow ground-based solar structures on residential lots in the Guidelines in 2011.

28.    Todd G. Handy (Defendant ECIA "Handy") is an individual resident of New Mexico, is an owner of 3 Conchas Court in the Eldorado Community Improvement Association, Inc., in the Eldorado at Santa Fe subdivision and was an Officer of the 2011 through 2014 ECIA Board of Directors and who voted to allow ground-based solar structures on residential lots in the Guidelines in 2011, and was an ECIA board member during cause 02146.

29.    Lynn L. Mortensen (Defendant ECIA "Mortensen") is an individual resident of the State of New Mexico, is an owner of 4 Avila Road in the Eldorado Community Improvement Association, Inc., located in the Eldorado at Santa Fe subdivision and was a Director of the 2011 ECIA Board of Directors and voted to allow ground-based solar structures on residential lots in the Guidelines in 2011.

30.    Austin McFall, registered agent for the Eldorado Community Improvement Association, Inc.("ECIA"), 8700A Education Pl, NW, Albuquerque, New Mexico 87114, and ECIA management company, Homeowners Association Management Company, LLC ("HOMECO").

31.    Plaintiff Daigle is informed by the records of the ECIA and Santa Fe County and believes, and therefore alleges, that each of these ninety-three (93) Defendants are Owners

(Defendant "Owners Jointly") of a residential property in the Eldorado Community Improvement Association, Inc. in the Eldorado at Santa Fe subdivision, as follows, which properties are subject to the Covenants, and each Defendant has a ground-based solar structure on their respective properties in the Subdivision:

    A.    Zacharski, Ronald Allen & Cheryl Louise Clark, 13 Altura Road, Santa Fe, New Mexico 87508;

    B.    Larry T. & Robin Pepin, 2 Raudo Road, Santa Fe, New Mexico 87508;

    C.    Joseph & Janet B. Eigner, 6 Verano Drive, Santa Fe, New Mexico 87508;

    D.    Richard G. & Aimee Canby, 73 Verano Loop, Santa Fe, New Mexico 87508;

    E.    Robert M. Christie & Cynde Van Patten, 7 Lucero Road, Santa Fe, New Mexico 87508;

    F.    Scott & Barbara Gerber, 33 Alondra Road, Santa Fe, New Mexico 87508;

    G.    Amy Bertelli & David Coulson, 3 Azul Place, Santa Fe, New Mexico 87508;

    H.    Charbonneau, John E., 24 Condesa Road, Santa Fe, New Mexico 87508;

    I.    Kaiser, Arthur Henry & Patricia Elaine, 5 Avalon Road, Santa Fe, New Mexico 87508;

    J.    Mark A. Toveri & Sandra A., 5 Gavilan Place, Santa Fe, New Mexico 87508;

    K.    Hope & Thom Kiah, 57 Verano Loop, Santa Fe, New Mexico 87508;

    L.    Jeffrey & Emily Brown, 6 Herrada Way, Santa Fe, New Mexico 87508;

    M.    Smith, Marshall G & Carolyn S., 91 Moya Road., Santa Fe, New Mexico 87508;

    N.    Debra Poulin, 3 Cerrado Drive, Santa Fe, New Mexico 87508;

    O.    Dia & Karen Winograd, 16 Baya Road, Santa Fe, New Mexico 87508;

P.    Ruch, Susan Spires Trust, 5 Cuesta Lane, Santa Fe, New Mexico 87508;

Q.    David McDonald & Anne Salzman, 110 Verano Loop, Santa Fe, New Mexico 87508;

R.    Christian L. Rehr, 14 Demora Road, Santa Fe, New Mexico 87508;

S.    Amanda Silverberg & Louis Gengenhuber, 15 Palacio Road, Santa Fe, New Mexico 87508;

T.    James L. & Susan E. Daniel, 1 Lobo Lane, Santa Fe, New Mexico 87508;

U.    David M. Chavez, 5 Antigua Place, Santa Fe, New Mexico 87508;

V.    Kenneth D. & Lucinda O. Green, 7 Eldorado Circle, Santa Fe, New Mexico 87508;

W.    James C. & Joyce MJ Tate, 3 Duende Road, Santa Fe, New Mexico 87508;

X.    James B. & Carol L. Smock, 114 Verano Loop, Santa Fe, New Mexico 87508;

Y.    Michael H. & Louise Roach, 28 Moya Loop, Santa Fe, New Mexico 87508;

Z.    Rose, Frank Watson IV & Kara R. Duval, 5 Cerrado Drive, Santa Fe, New Mexico 87508;

A1.    Skye M. & Amber Goodrich, 7 Antigua Court, Santa Fe, New Mexico 87508;

B1.    Michael C. & Mary A. Schneider, 10 Fonda Court, Santa Fe, New Mexico 87508;

C1.    Karen Yinger, 8 Fonda Court, Santa Fe, New Mexico 87508;

D1.    Alexandra R. Heath, 2 Conchas Court, Santa Fe, New Mexico 87508;

E1.    Quentin D. Collins & Melida, 1 Conchas Court, Santa Fe, New Mexico 87508;

F1.    Patrick M. McGee-Russell & Dianne E. Duen, 62 Avenida de Compadres, Santa Fe, New Mexico 87508;

G1.    Theodore David Cho, 77 Monte Alto Road, Santa Fe, New Mexico 87508;

H1.    Paul Kim Ingraham, 20 Estacada Road, Santa Fe, New Mexico 87508;

I1.    Diana L. Kelley, 9 Encantado Circle, Santa Fe, New Mexico 87508;

J1.    Ricki-Lee G. Chavez, 3 Sandia Lane, Santa Fe, New Mexico 87508;

K1.    Pruett, Jennifer Jehl, 5 Ortiz Lane, Santa Fe, New Mexico 87508;

L1.    Joseph & Janet B. Eigner, 6 Verano Drive, Santa Fe, New Mexico 87508;

M1.    David & Meara Ginsberg, 3 Monte Alto Way, Santa Fe, New Mexico 87508;

N1.    Shakespeare-Jones, Suzanne M. & Kimberly G., 6 Gavilan Road, Santa Fe, New Mexico 87508;

O1.    Katherine E. Mortimer & Robert Bruen, 31 Encantado Loop, Santa Fe, New Mexico 87508;

P1.    Alice Lynne Davy, 1 Casa Del Oro Court, Santa Fe, New Mexico 87508;

Q1.    Robert J. Retherford & Theresa A. Swan, 1 Azul Court, Santa Fe, New Mexico 87508;

R1.    Ellis Pisciotta Family Trust, 8 Domingo Court, Santa Fe, New Mexico 87508;

S1.    Neil & Ursula Freer, 28 Avenida Las Nubes, Santa Fe, New Mexico 87508;

T1.    Brian D. Woods, 8 Mariano Road, Santa Fe, New Mexico 87508;

U1.    Lars W. Hansen & Kirsten R., 14 Chusco Road, Santa Fe, New Mexico 87508;

V1.    Rushing, William B. & Kristen, 9 Isidro Road, Santa Fe, New Mexico 87508;

W1.    Sansom, Thomas Richard, 48 Camerada Road, Santa Fe, New Mexico 87508;

X1.    Bruce A. Shaffer, 33 Altura Road, Santa Fe, New Mexico 87508;

Y1.    Eccard, Larry D. & Linda B., 35 Altura Road, Santa Fe, New Mexico 87508;

-13-

Z1.    Wright Johnson, Trillian & Veda Michael, 18 Abanico Road, Santa Fe, New

Mexico 87508;

A2.    Jeffrey R. Sweers, 7 Nido Lane, Santa Fe, New Mexico 87508;

B2.    Winnegar, Judy C & Andrew J. Jr. Rev. Liv. Trust, 6 Nido Lane, Santa Fe, New

Mexico 87508;

C2.    Richard J. Perkins & Alice J. Darilek, 8 Gavilan Road, Santa Fe, New Mexico

87508;

D2.    David & Denicia Hernandez, 4 Carlito Road, Santa Fe, New Mexico 87508;

E2.    Bryan Tagas & Margo Spellman, 9 Baya Road, Santa Fe, New Mexico 87508;

F2.    Susan E. Ryan & Paul L. Charlo, 3 Verano Court, Santa Fe, New Mexico 87508;

G2.    George J Haddad & Emily C., 2 Encantado Road, Santa Fe, New Mexico 87508;

H2.    Sauchelli, Brien & Lauren E. Gockley, 6 Camerada Road, Santa Fe, New Mexico

87508;

I2.    David W. & Gail E. Funk, 6 Verano Lane, Santa Fe, New Mexico 87508;

J2.    Eduard F. & Linda J. Debruyn, 37 Cerrado Loop, Santa Fe, New Mexico 87508;

K2.    Diruggeriero, Thomas & Akira S. Anderson, 5 Demora Road, Santa Fe, New

Mexico 87508;

L2.    Jamie Sarns, 45 Alondra Road, Santa Fe, New Mexico 87508;

Native American Tribal Tradit/Trust Jamie Sue Sams

M2.    Soper, Emmet H. & Sylvi Salinas, 21 Sabroso Road, Santa Fe, New Mexico

87508;

N2.    Lewis, Gareth & Linda Nehme, 19 Alondra Road., Santa Fe, New Mexico 87508;

-14-

O2.  Peter Riggs & Ellen M., 3 Moya Place, Santa Fe, New Mexico 87508;

P2.  Michael & Lisa Robles, 4 Avalon Place, Santa Fe, New Mexico 87508;

Q2.  Engle, Randall K & Emily A. Johnson, 12 Moya Loop, Santa Fe, New Mexico 87508;

R2.  Hale, Elizabeth R. & Kelley K. Hale Jr., 12 Espira Court, Santa Fe, New Mexico 87508;

S2.  Finn, Lee Samuel & Nancy M. Ostiguy, 29 Quedo Road, Santa Fe, New Mexico 87508;

T2.  Jennifer L. Anderson & Judith M. Lauer, 33 Aventura Road, Santa Fe, New Mexico 87508;

U2.  Carol A. Magai, 12 Azul Loop, Santa Fe, New Mexico 87508;

V2.  Berkley, Joy Allison, 6 Ortiz Lane, Santa Fe, New Mexico 87508;

W2.  William York & Laurel Gladden, 10 Lauro Road, Santa Fe, New Mexico 87508;

X2.  Simonson, Kenneth & Martha Co-Trustees, 28 Verano Loop, Santa Fe, New Mexico 87508;

Y2.  Magdelyn Rhiannon Brennan, 65 Verano Loop, Santa Fe, New Mexico 87508;

Z2.  Porter, Jennifer M. & Amy L. Fredericks, 2 Bonito Road, Santa Fe, New Mexico 87508;

A3.  Clement, Jennifer, 40 Alondra Road, Santa Fe, New Mexico 87508;

B3.  Christopher R. & Christine J. Bradley, 52 Moya Road, Santa Fe, New Mexico 87508;

C3.  David M. Sammeth, 18 Lucero Road, Santa Fe, New Mexico 87508;

D3.     Mueller, Clyde & Elizabeth L., 32 Altura Road, Santa Fe, New Mexico 87508;

E3.     Kelly, Katherine A., 10 Verano Loop, Santa Fe, New Mexico 87508;

F3.     Garcia, Matthew M. & Justine R., 15 Ensenada Drive, Santa Fe, New Mexico
        87508;

G3.     John W. Bing & Catherine Mercer, 24 Gavilan Road, Santa Fe, New Mexico
        87508;

H3.     Sultana, John M. & Meghan E. & Etal., 10 Dulce Road, Santa Fe, New Mexico
        87508;

I3.     Franklin Ellis Kilmer, 33 Monte Alto Road, Santa Fe, New Mexico 87508;

J3.     Jameson, Frank G. Jr. & Julia C., 41 Aventura Road, Santa Fe, New Mexico
        87508;

K3.     Roger & Lisa Marie, Bierig, 50 Condesa Road, Santa Fe, New Mexico 87508;

L3.     Elizabeth Glenn, 4 Gavilan Road, Santa Fe, New Mexico 87508;

M3.     Kuzava, James & Annie G., 7 Valencia Loop, Santa Fe, New Mexico 87508;

N3.     Zimmrberg, Morris Arthur, 1 Moya Lane, Santa Fe, New Mexico 87508;

O3.     Fujimatsu, Iku, 4 Dulce Road, Santa Fe, New Mexico 87508.


## JURISDICTION AND VENUE

32.     Subject matter jurisdiction over the claims and causes of action asserted by Plaintiff in

this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 28

U.S.C. § 1343.

33.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other

related claims that form part of the same case or controversy in any civil action in which this

-16-

Court has original jurisdiction.

34.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 under federal

question jurisdiction including Plaintiff's Constitutional challenge to a New Mexico State statute

pursuant to Federal Rule of Civil Procedure 5.1.

35.     Venue is proper in this Court under 28 U.S.C. § 1391, and other applicable law,  because

the fraud, conspiracy, and deprivations of Plaintiff's Constitutional Rights occurred within this

District, and future deprivations of her Constitutional Rights are threatened and likely to occur in

this District.

## CLAIM I – DUE PROCESS (42 U.S.C. § 1983)

36.     Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

37.     The Fourteenth Amendment of the U.S. Constitution provides, in relevant part, "No state

shall... deprive any person of life, liberty, or property without due process of law..."

38.     Defendant Mathew abused the authority of his office and, while acting under color of law

and with knowledge of Plaintiff's established rights, used his office to deprive Plaintiff Daigle of

her Fourteenth Amendment protected substantive due process rights and her legitimate cause of

action. *Home Telephone and Telegraph Company v. City of Los Angeles*, 277 U.S. 278, 291

(1913).

39.     Plaintiff Daigle was unaware that her Complaint filed with the court was defective, as it

was not signed, and therefore it was insufficient to invoke the jurisdiction of the court or

personal jurisdiction over the Defendant ECIA.  Rule 1-011(a).  *Becker v. Montgomery*, 532 U.S.

757, 760, 121 S.Ct. 1801, 149 L.Ed.2d 983, (...jurisdiction will vest in the court...where the case

may proceed so long as the Plaintiff promptly supplies the signature once the omission is called

to her attention.) A notice of appeal is filed in district court and is therefore subject to Rule 1-011(a). *Peoples v. Peoples*, 1963-NMSC-067, 72 N.M. 64, 380 P.2d 513. In *Peoples*, the case was dismissed with prejudice as the Defendant properly motioned that Plaintiff's complaints were not signed, nor in proper formatting. The Supreme Court reversed for abuse of discretion as the court did not allow Plaintiff's to amend their Complaints, (Rule 1-011(a)), and stated, Plaintiff's have rights that must be protected, too.

40.     Defendant Hays, counsel for the Defendants ECIA in Plaintiff's cause 02146, while acting under color of law with Defendant Mathew, and with knowledge of Plaintiff's established rights, deprived the Plaintiff of her protected substantive Fourteenth Amendment due process rights by misleading the Plaintiff into reliance that she and her claims, and all parties were properly before the court, then usurped Plaintiff's cause of action for a decision for the Defendant.

41.     Defendant Mathew is a judge whose first obligation is to confirm jurisdiction. Defendant Mathew never actually determined the court's jurisdiction in cause 02146. When Defendant Mathew realized Defendant Hays wasn't being truthful to the tribunal, it was his obligation to protect Plaintiff's rights and dismiss cause 02146 without prejudice under Rule 1-012(h)(3). Instead, Defendant Mathew chose to proceed without authority and his silence assured Defendant Hays he would get his decision and so would the State, a judicial decision to circumvent what the State knew it could not actually require in the statute under scrutiny for NMSA 1978, § 3-18-32(b), which Plaintiff alleges is unconstitutional as applied.

42.     Plaintiff discovered her 2014 Complaint was defective in 2016 and filed her Motion to Void and Vacate the Judgment on December 31, 2018. Defendant Mathew denied Plaintiff's

substantive motion on January 28, 2019 saying it was frivolous and a waste of the court's resources, and then initiated Rule 1-011 sanctions against the Plaintiff for the Defendant ECIA, without notice and an order to show cause, without findings, without due process and allegedly without judicial authority to impose sanctions. Defendant Mathew invited the Defendant ECIA to file an affidavit of costs and fees, to which Plaintiff timely filed her response in which Plaintiff stated the court was abusing its discretion. How does the Plaintiff respond to the harshness of fees, when she has not been provided her right to due process and is specifically and adequately informed with substantial evidence in the record to show the grounds for such imposition of fees. In its order dated February 26, 2019, Defendant Mathew abused the authority of his office and, acting under color of law and with knowledge of Plaintiff's established rights, used his office to deprive Plaintiff Daigle of property in the amount of $7,806.39, for the Defendant ECIA, without due process or judicial authority.

43.    Plaintiff appealed Defendant Mathew's orders in the New Mexico Court of Appeals. Defendant Vargas affirmed and did not specifically answer Plaintiff's request for the court to determine its jurisdiction. One month after Defendant Vargas' mandate was affirmed, November 2, 2020, she was appointed to the panel for a case regarding sanctions and due process. The case was *Deutsche Bank Tr. Co. Americas v. Lozoya*, Docket no. A-1-CA-37063, dated November 17, 2020, in which the parties had already been afforded two hearings and orders to show cause. The holding, which Defendant Vargas concurred, stated, "Because we conclude that McCarthy and Rotonda were not afforded adequate notice of all the grounds on which the district court sanctioned them, thereby denying them due process, we reverse." Plaintiff Daigle received no due process, no order to show cause, no hearing, no grounds explaining why the district court

-19-

sanctioned her, yet Defendant Vargas affirmed the district court's orders. Plaintiff was deprived

of due process and the equal protection of the laws.

## CLAIM II – EQUAL PROTECTION (42 U.S.C. 1983)

44.    Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

45.    The Fourteenth Amendment provides that "[no] state shall...deny to any person within its

jurisdiction the equal protection of the laws."

46.    NMSA 1978, § 3-18-32(b) on its face, seems to make a simple proposition,

> A covenant, restriction or condition contained in a deed, contract, security
> agreement or other instrument, effective after July 1, 1978, affecting the
> transfer, sale or use of a solar collector is void and unenforceable.

47.    Plaintiff's original Covenants, effective on July 10, 1972, were in force when the New

Mexico Solar Rights Act [47-3-1 to 47-3-5] was passed, and according to § 3-18-32(b), the

statute should not affect the ECIA Covenants.

48.    The ECIA Covenants were amended with the majority consent of owners and recorded in

1996. One of the amendments allows solar panels on rooftops in Art. II, Sec. 5(d) which allows

owners all the solar panels their rooftops and pocketbook can handle.

49.    The attorney general wrote Opinion-02 on what § 3-18-32(b) means, which it seems only

solar installers, the ECIA, and State actors seem to be able to "interpret."

50.    Plaintiff asks why the provision § 3-18-32(b) does not expressly include "homeowners'

associations" in the provision itself. Perhaps because homeowners' associations could be

considered a quasi-classification and using "homeowners' associations" in the provision could

open the door to strict scrutiny analysis. By requiring homeowners' associations, even

retroactively, to amend their covenants, collectively with the majority consent of owners to

provide a provision to allow their owners a solar collector based on the standards of the owners

of that homeowners' association, seems reasonable, benefits the State's interest and has been the

public policy in New Mexico for many years. *Aragon v. Brown*, 2003-NMCA-126, ¶ 12, 134

N.M. 459,

> The public policy in New Mexico is to uphold the valuable property right of all the lot
> owners to establish standards they deem appropriate, the concomitant right of all the lot
> owners in the subdivision to rely on those standards, and the reciprocal obligation to
> comply with those standards when one acquires a lot with notice, actual or constructive,
> of the standards.

Otherwise, the State must show a substantial State purpose. Impairing important vested property

rights and liberty interests without due process by requiring "only" homeowners' associations to

allow owners any kind of solar and any size of solar they want, without the majority consent of

owners, simply because some homeowners' associations may have larger lots, substantially

infringes on Plaintiff's fundamental liberty interests and constitutional protections of her vested

property rights.

51.    NMSA 1978, § 3-18-32(a) states it is pursuant to the definition of a solar collector in the

Solar Rights Act, which states in § 47-3-3(a), ("solar collector" means any device or combination

of devices or elements which rely upon sunshine as an energy source, and which are capable of

collecting not less than twenty-five thousand Btu's on a clear winter solstice day...") A 250-watt

average solar panel provides 853 Btu's an hour. Section 47-3-11(a) states in the very last line

that solar rights shall be protected between 9am and 3pm, prime sun-catching hours, or 6 hours.

If you multiply 853 x 6, you learn that one 250-watt solar panel provides 5118 Btu's of energy.

If you divide 25000 Btu's by 5118 you get 5. So, according to § 47-3-3 a property owner must

be able to have a minimum of 5 solar panels on their property, enough to provide energy for a

small-scale installation, as stated in § 47-3-7. This is the minimum requirement.

## CONSPIRACY – (42 U.S.C. 1985)

52.    Plaintiff learned in 2012 that on April 21, 2011, the Defendant ECIA had amended the

Guidelines to allow ground-based solar structures on residential lots, in violation of the

Covenants. Plaintiff's Covenants only allow rooftop solar, which was amended to the Covenants

in 1996 with the majority consent of owners, as required. Art. II, Sec. 5(d), Art. IV, Sec. 1.

53.    Plaintiff's Covenants contain a blanket restriction against any permanent structure

allowed on any residential lot, without the majority consent of owners. Art. I, Sec. 7, Art. II,

Sec. 1.

54.    The Covenants allow the Defendants ECIA to write Guidelines that interpret, implement

and enforce the Covenants, but they *"shall be consistent"* with the Covenants. Plaintiff alleges,

rooftop solar is consistent. Ground-based solar structures are inconsistent and therefore not

allowed. Art. III, Sec. 1.

55.    The Covenants are legally binding on all residential lots within the ECIA; the Guidelines

are not legally binding. Art. IV, Sec. 2.

56.    Plaintiff began following her suspicion after Judge Vargas filed her mandate affirming

Judge Mathews' orders. Plaintiff filed an Inspection of Public Documents Request (IPRA) with

Santa Fe County in October of 2020 and found a State action conspiracy and agreement

beginning in approximately November of 2011, just after the Defendant ECIA began allowing

ground-based solar structures on residential lots, between the Defendant ECIA and its designees,

including Defendant G. Colello, and owners who were also members in SERA, and City and

County of Santa Fe officials, including Defendant Holian and Defendant O'Hare, and others, to

-22-

create a pilot project which created an invasion of large ground-based solar structures on

residential lots within the ECIA, based on NMSA 1978, § 3-18-32(b) and followed by two

Resolutions from the City, Resolution 2013-14, and County of Santa Fe Resolution 2013-50,

directing staff to work with community organizations to promote community solar/solar gardens.

57.    In August of 2014, Plaintiff emailed Defendant O'Hare to ask if the County was working

with the ECIA to install a community solar pilot project.  Defendant O'Hare said no.

58.    The Defendant ECIA and its designees including Defendant G. Colello acted under color

of law with City and County of Santa Fe to deprive Plaintiff of her Fourteenth Amendment

protected substantive rights and to impair Plaintiff's protected vested property rights, without

proper notice and due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306,

314, 70 S.Ct. 652, 94 L.Ed. 865. (Against the interest of the State we must balance the individual

interest sought to be protected by the Fourteenth Amendment...notice reasonably calculated

under all the circumstances.)  There was no notice.

59.    When Plaintiff filed her lawsuit in September of 2014, cause 02146, there were forty (40)

ground-based solar structures on residential lots.  Many are very large 48-panel structures.  See,

Exhibit, Plaintiff's photo of a 48-panel ground-based solar structure on a residential lot behind

my neighbor's property, enough to power several homes.  Fourteen trees were cut down to make

room for it.

60.    It is this conspiracy and action between and taken by the ECIA, acting under color of law

with State, City and County officials that Plaintiff realized was underlying her lawsuit.  After

proceeding through the courts to attempt to vacate Plaintiff's judgment, which is a nullity, and

receiving such an oppressive response, with court initiated and imposed sanctions against the

-23-

Plaintiff for the Defendant ECIA totaling $12,500.62 (Plaintiff's re-stucco savings) without notice or an order to show cause stating the grounds for the sanctions, and an opportunity to defend, Plaintiff knew something was very wrong.

61.    Plaintiff came to court seeking to correct a serious governance issue within the ECIA in which Plaintiff's Covenants are unambiguous and should have been enforced by the court. Instead, Plaintiff Daigle left court with a judgment from an incompetent court in which her protected and substantive cause of action was dismissed with prejudice, not one of her claims was litigated or decided, her vested rights were impaired without due process, her property rights in the Covenants were impaired, the Covenants were modified by fraudulent misrepresentation from Defendant Hays, which the Plaintiff objected to but Defendant Mathew was silent, and the judgment could impair the Covenants and property interests of every homeowners' association in the State.

62.    Plaintiff alleges a fraud upon the court which harmed Plaintiff and is continuing to harm Plaintiff and the proper governance of the ECIA. Plaintiff seeks the Court's inherent powers to make Plaintiff's Covenants and Plaintiff's vested property rights, whole.

Previous Actions
D-101-CV-201402146

63.    Plaintiff Daigle filed her 2014 Complaint on September 26, 2014 in the First Judicial District Court of Santa Fe County, Santa Fe, New Mexico, civil cause 02146.

64.    Judge Francis J. Mathew (Defendant "Mathew") was assigned as the presiding judge in cause no. 02146.

65.    The Defendant ECIA filed its Answer on October 28, 2014 and admits on Pg. 2, ¶ 7 to

amending the Guidelines in April of 2011.  Defendant ECIA also states in ¶ 7 that the ECIA

amended the Guidelines "pursuant to the procedures and authority set forth in Article III, Section

1 of the Amended and Restated Covenants..."  However, Defendant ECIA was not fully

forthcoming, as Art. III, Sec. 1 states such Guideline amendments "*shall be consistent*" with the

Covenants and the Covenants only allow rooftop solar panels in Art. II, Sec. 5(d), and contain a

blanket restriction against any permanent structures allowed on any residential lots without the

majority consent of owners, Art. I, Sec. 7 and Art. II, Sec. 1.

66.    At the February 11, 2015 hearing, Defendant Mathew asked Plaintiff Daigle about the

indispensable parties and Plaintiff orally requested leave to amend her 2014 Complaint.  The

Court granted Plaintiff twenty-five days to file a motion to amend.

67.    Plaintiff's Motion to Join Necessary or Indispensable Parties was timely filed on

February 25, 2015 and also contained two material facts, Art. I, Sec. 7 and Art. II, Sec. 1 from

the Covenants, as Plaintiff realized that together, they form a blanket restriction against any

permanent structures allowed on any residential lots without the majority consent of owners.

Plaintiff's motion to amend was rendered moot.

68.    The Defendant ECIA and Defendant Hays presented a fraudulent misrepresentation of

Art. II, Sec. 2 of the Covenants in their Motion for Summary Judgment and Memorandum of

Points and Authorities in support ("MSJ"), stating on Pg. 3, ¶ K, that "Article II, Section 2 of the

Covenants expressly allows accessory 'structures' on lots within the Subdivision."  False.  Also,

on Pg. 5, Defendants state, "However, the Covenants do not contain any prohibition on ground-

based solar collectors..." False. Plaintiff objected to the Defendant ECIA's fraudulent

misrepresentations of Art. II, Sec. 2 in their MSJ in her response to the Defendant's motion, filed

on February 18, 2015, Pg. 2, ¶ 2; Pg. 3, ¶ 3; Pg. 4, ¶ 2, Pg. 5, Pg. 6.

69.     On May 4, 2015, the court granted the Defendant ECIA summary judgment and

dismissed Plaintiff Daigle's 2014 Complaint with prejudice. Not one of Plaintiff's claims was

actually litigated or determined.

70.     Plaintiff filed for reconsideration on May 15, 2015, and was denied on December 18,

2015.

## Appeals for Cause No. 02146

71.     Plaintiff filed her appeal, June 3, 2015, case A-1-CA-34819, which was affirmed on

August 1, 2016.

72.     Plaintiff filed her petition for certiorari, April 1, 2016, which was denied.

## Cause no. 02100

73.     On August 31, 2016, Plaintiff filed her second case, civil cause no. 02100, as not one of

Plaintiff's claims had been litigated in cause no. 02146. Judge Sarah Singleton presided.

74.     On or about October 18, 2016, Plaintiff Daigle discovered her original 2014 Complaint

filed in cause no. 02146 was defective as it was not signed, so it did not properly commence her

action nor invoke the court's subject matter jurisdiction authority over Plaintiff's claims.

75.     Plaintiff filed a motion in cause no. 02100 to void the previous judgment for want of

jurisdiction in cause no. 02146 on November 29, 2016, but it was denied on December 27, 2016.

The court stated in its order it could not attack the previous judgment in cause no. 02146, in

cause no. 02100. Plaintiff Daigle disagreed, as a void judgment is a nullity.

76.    Judge Singleton initiated the imposition of sanctions against the Plaintiff for the

Defendant ECIA in the amount of $2,850.79, after inviting the Defendant ECIA to submit an

affidavit of costs and attorney's fees.  There was no order to show cause or due process.  The

court denied Plaintiff's request for findings and conclusions in its order dated March 13, 2017.

<u>Appeals for Cause no. 02100</u>

77.    Plaintiff appealed cause no. 02100 on March 24, 2017, case A-1-CA-36345.  The court

affirmed on December 21, 2017.  The three judge panel included Judge Jonathan Sutin, Judge

Monica Zamora and Judge Michael Vigil.  The last two judges had also decided Plaintiff's first

appeal, case A-1-CA-34819.

78.    Plaintiff filed a petition for certiorari for cause no. 02100 on January 22, 2018, which was

denied the same day.

Rule 1-060(b)(4) NMRA Motion to Void<br><u>in original cause no. 02146</u>

79.    Plaintiff filed a Rule 1-60(b)(4) NMRA Motion to Void and Vacate Judgment Orders for

Want of Jurisdiction and Mandatory Judicial Notice and Authorities to Void and Vacate

Judgment Orders for Want of Jurisdiction ("MTV") in support, in her original cause no. 02146

on December 31, 2018.  Plaintiff's MTV was denied on January 28, 2019 without any findings

or conclusions, reasoning, explanation.

80.    The court invited Defendant ECIA to file an affidavit of costs and attorney's fees and

gave Plaintiff Daigle until February 16, 2019 to file a response.  Plaintiff timely filed her

response on February 15, 2019, but in the court's order, dated February 26, 2019, the court

incorrectly stated the Plaintiff did not respond and therefore waived her objection.  Plaintiff

alleges the court improperly imposed Rule 1-011 NMRA monetary sanctions against Plaintiff

-27-

Daigle for the Defendant ECIA in the amount of $7,806.39, again depriving the Plaintiff of property without due process under the Fourteenth Amendment of the United States Constitution, without an order to show cause, without required findings and conclusions, and without jurisdiction over cause no. 02146.

Appeal of Rule 1-060(b)(4) Motion to Void Judgment in cause 02146
<u>Case A-1-CA-38045</u>

81.    Plaintiff appealed the denial of her Rule 1-60(b)(4) NMRA MTV and court imposition of Rule 11 sanctions for the Defendant in the amount of $7,806.39, case 38045, on February 27, 2019. Judge Julie Vargas was presiding judge.

82.    Defendant Mathew's decision was affirmed on October 28, 2020, with the same panel from Plaintiff's original appeal case A-1-CA-34819, as stated in Judge Vargas' order. Plaintiff asked the court in cause no. 38045 to determine its jurisdiction and it never stated its determination.

## GENERAL ALLEGATIONS

83.    Plaintiff had and continues to have her fundamental constitutional rights violated by the Defendant ECIA and official capacity Defendants, who are personally involved with the governance and enforcement of Plaintiff's governing documents and the ECIA, and who are enabling the Defendant ECIA to continue to breach the Covenants by allowing ground-based solar structures on residential lots. Plaintiff has been and will continue to be irreparably harmed if preliminary injunctive relief is not issued. Further, the public interest is served by the vindication of constitutional rights, and the weighing of harms warrants issuing injunctive relief.

-28-

## Generally

84.     Defendants ECIA, Defendant Hays, Defendant Mathew, Defendant Vargas, Defendant Holian, Defendant O'Hare, Defendant G. Colello, Defendant Young, Defendants Santa Fe, abused their authority while acting under color of law and with knowledge of Plaintiff's established rights, and used their office to violate Plaintiff's Constitutional rights, privileges, or immunities secured by the Constitution and laws.

85.     Therefore, under 42 U.S.C. 1983, and Plaintiff's independent action claim of fraud upon the court under Rule 60(d), Plaintiff seeks declaratory relief and equitable injunctive relief, and the reimbursement of sanctions imposed against the Plaintiff without her Constitutional right to due process in the amount of $12,500.62. Under 42 U.S.C. 1985, Plaintiff seeks declaratory and equitable injunctive relief. Pursuant to 42 U.S.C. 1988, Plaintiff seeks her reasonable attorney fees and costs for seven years.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as prayed for, including:

A.  That this Court enter an order for joint and several liability between the Defendants for specific performance equitable relief, as Plaintiff prayed for in her original 2014 Complaint, and as Plaintiff is entitled to.

B.  That the Eldorado Community Improvement Association, Inc. be held harmless for any expenses or attorney's fees, as the actions taken by the Defendants ECIA and its designees were *ultra vires*.

-29-

C.  That this Court issue a declaration that the challenged statute and the practices of

Defendants are unconstitutional.

D.  That this Court enter a restraining order, preliminary injunction, and permanent

injunctive relief to prohibit enforcement of the challenged statute and the practices of

the Defendants ECIA.

E. That Plaintiff be awarded her costs and reasonable fees for seven years, and that

Plaintiff be reimbursed for the sanctions imposed against the Plaintiff

without her Constitutional right to due process in the amount of $12,500.62; and,

F.  Such other relief as this Court shall deem just and proper.

Respectfully submitted,


By: _____
       Claudia Daigle
       4 Conchas Place
       Santa Fe, New Mexico   87508
       (505)-428-8669
       cdaigle2003@comcast.net


-30-