**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLAUDIA DAIGLE,

      Plaintiff,

v.                               No. 1:22-cv-00147-JHR

FRANCIS J. MATHEW, et al.,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff is a homeowner and a member of Defendant Eldorado Community Improvement Association, Inc. ("ECIA"). *See* Complaint at 8, ¶ 16. Plaintiff alleges that on April 21, 2011, Defendant ECIA "improperly amended the non-binding Guidelines for Amended and Restated Protective Covenants and Building Restrictions for Eldorado at Santa Fe, to allow ground-based solar structures and wind turbines on residential lots, inconsistent with and in violation of the Covenants." Complaint at 4, ¶ 3.

Plaintiff "filed her Complaint for Mandatory Injunction for Breach of Covenants ("2014 Complaint") on September 26, 2014, cause 02146, in the First Judicial District Court of Santa Fe County, Santa Fe, New Mexico." Complaint at 6, ¶ 10. Defendant Francis J. Mathew, a state-court district judge, dismissed Plaintiff's 2014 Complaint with prejudice. *See* Complaint at 6, ¶ 12. Plaintiff subsequently filed a motion to void and vacate the state-court judgment in December 2018. *See* Complaint at 6, ¶ 13. In January 2019, Defendant Mathew denied Plaintiff's motion to vacate judgment as frivolous and imposed Rule 11 sanctions on Plaintiff. *See* Complaint at 6-7, ¶ 13. Defendant Julie J. Vargas, then a judge on the state court of appeals, affirmed the state district court rulings. *See* Complaint at 20, ¶ 43.

**Claim I – Due Process (42 U.S.C. § 1983)**

Plaintiff alleges that state district court Judge Mathew deprived Plaintiff due process by: (i) not determining whether the state court had jurisdiction over Plaintiff's 2014 Complaint; (ii) "den[ying] Plaintiff's substantive motion on January 28, 2019 saying it was frivolous and a waste of the court's resources;" and (iii) by "initiat[ing] Rule 1-011 sanctions against the Plaintiff ... without notice and an order to show cause, without findings, without due process and allegedly without judicial authority to impose sanctions."   Complaint at 19-20, ¶¶ 41-42.

Plaintiff alleges that state court of appeals Judge Vargas deprived Plaintiff due process by "affirm[ing] [Judge Mathew's orders] and ... not specifically answer[ing] Plaintiff's request for the court to determine its jurisdiction."  Complaint at 20-21, ¶ 43.

Plaintiff alleges that Defendant John P. Hays, the attorney who represented Defendant ECIA in the state court proceedings, "deprived the Plaintiff of her protected substantive Fourteenth Amendment due process rights by misleading the Plaintiff into reliance that she and her claims, and all parties were properly before the court, then usurped Plaintiff's cause of action for a decision for the Defendant."  Complaint at 19, ¶ 40.

"Plaintiff seeks declaratory relief and equitable injunctive relief, and the reimbursement of sanctions imposed against Plaintiff" and "an order for joint and several liability between the Defendants for specific performance equitable relief, as Plaintiff prayed for in her original 2014 Complaint."  Complaint at 30.

It appears that the relief Plaintiff seeks is barred by the *Rooker-Feldman* doctrine which:

bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would

necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

**Claim II – Equal Protection (42 U.S.C. § 1983)**

Plaintiff states she is bringing a constitutional challenge to N.M.S.A. § 3-18-32(b).  *See*

Complaint at 4, ¶ 1.   The New Mexico statute she challenges states:

> A covenant, restriction or condition contained in a deed, contract, security agreement or other instrument, effective after July 1, 1978, affecting the transfer, sale or use of, or an interest in, real property that effectively prohibits the installation or use of a solar collector is void and unenforceable.

N.M.S.A. § 3-18-32(b).  Plaintiff refers to an Attorney General Opinion which concludes:

> Subsection (B) of Section 3-18-32 allows a homeowners association to regulate the installation or use of solar panels so long as the regulations do not "effectively prohibit" their installation or use. The phrase "effectively prohibit" includes restrictions on the installation or use of solar panels that make such installation or use unreasonably difficult or costly.

Office of the Attorney General, State of New Mexico, Op. No. 11-02 (February 7, 2011), 2011

WL 542217 (N.M.A.G.).  Defendant Hector Balderas is the Attorney General for the State of New

Mexico.  *See* Complaint at 9, ¶ 21.   Defendant Michelle Lujan Grisham is the Governor of the

State of New Mexico.  *See* Complaint at 9, ¶ 22.

Plaintiff states her "original Covenants, effective on July 10, 1972, were in force when the

New Mexico Solar Rights Act [47-3-1 to 47-3-5] was passed, and according to § 3-18-32(b), the

statute should not affect the ECIA Covenants."  Complaint at 21, ¶ 47.  Plaintiff alleges that:

> on April 21, 2011, the ECIA had improperly amended the non-binding Guidelines for Amended and Restated Protective Covenants and Building Restrictions for Eldorado at Santa Fe (the "Guidelines'), to allow ground-based solar structures and wind turbines on residential lots, inconsistent with and in violation of Covenants.

3

Complaint at 4, ¶ 3.  Plaintiff appears to claim that Section 3-18-32(b) is unconstitutional because it allowed Defendant ECIA to effectively void the Covenants upon which Plaintiff relied, one of which presumably prohibited ground-based solar structures.  Plaintiff states:

> Impairing important vested property rights and liberty interests without due process by requiring "only" homeowners' associations to allow owners any kind of solar and any size of solar they want, without the majority consent of owners, simply because some homeowners' associations may have larger lots, substantially infringes on Plaintiff's fundamental liberty interest and constitutional protections of her vested property rights.

Complaint at 22, ¶ 50.

Plaintiff misconstrues the statute.  Section 3-18-32(b) does not require homeowners associations to allow owners any kind and size of solar without the majority consent of owners. Section 3-18-32(b) states that a covenant, restriction or condition effective after July 1, 1978, affecting the use of, or an interest in, real property that effectively prohibits the installation or use of a solar collector is void and unenforceable.

It appears that Plaintiff has not established standing to challenge Section 3-18-32(b) because the harm she complains of, the presence of ground-based solar structures on other residents' properties which allegedly conflicts with the original Covenants, is not a result of enforcement of Section 3-18-32(b).

> As the Supreme Court has recently noted, "[i]n every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). The case or controversy requirement of Article III limits federal jurisdiction to cases in which the plaintiff can demonstrate that "(1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Phelps v. Hamilton,* 122 F.3d 1309, 1326 (10th Cir.1997) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

*Winsness v. Yocom*, 433 F.3d 727, 731-32 (10th Cir. 2006).  "[T]here must be a causal connection between that injury and the challenged action of the defendant—the injury must be 'fairly traceable'

to the defendant, and not the result of the independent action of some third party." *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (holding that abortion provider lacked standing to challenge statute because threat of injury to provider was not fairly traceable to defendant officials who oversee certain public health care facilities where public officials have not attempted to recover costs from provider under the challenged statute, although it is possible that they seek to do so sometime in the future) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff has not demonstrated that there is a causal connection between Section 3-18-32(b) and the harm she complains of because the presence of ground-based solar structures is not fairly traceable to the actions of Defendants Balderas and Lujan Grisham.  Plaintiff's harm results from the amendments made to the Guidelines and Covenants.  Furthermore, it is not likely that Plaintiff's injury will be redressed by a declaration that Section 3-18-32(b) is unconstitutional.

**Conspiracy – (42 U.S.C. § 1985)**

Plaintiff alleges:

Plaintiff filed an Inspection of Public Documents Request (IPRA) with Santa Fe County in October of 2020 and found a State action conspiracy and agreement beginning in approximately November of 2011, just after the Defendant ECIA began allowing ground-based solar structures on residential lots, between the Defendant ECIA and its designees, including Defendant G. Colello, and owners who were also members in SERA [Sustainable Eldorado Residents Alliance], and City and County of Santa Fe officials, including Defendant Holian and Defendant O'Hare, and others, to create a pilot project which created an invasion of large ground-based solar structures on residential lots within the ECIA.

Complaint at 23-24, ¶

Plaintiff asserts a conspiracy claim pursuant to 42 U.S.C. § 1985 which provides:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... if one or more persons engaged therein do, or cause to be done, any act in furtherance

of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (footnote omitted). In other words, "[i]n order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the [protected] class." *Silkwood v. Kerr– McGee Corp.,* 637 F.2d 743, 746 (10th Cir.1980).

*Yaklich v. Grand County*, 278 Fed.Appx. 797, 801-02 (10th Cir. 2008).

The Complaint fails to state a conspiracy claim pursuant to 42 U.S.C. § 1985(3) because there are no factual allegations of racial or class-based motivation or that Defendants intended to deprive Plaintiff of equal protection.  The Complaint simply alleges that certain Defendants agreed to revise the Guidelines and Covenants to allow ground-based solar structures.  Plaintiff's conclusory allegation that certain Defendants conspired "to deprive Plaintiff of her Fourteenth Amendment protected substantive rights and to impair Plaintiff's protected vested property rights, without proper notice and due process," is not sufficient to state a claim pursuant to 42 U.S.C. § 1985(3).  *See Yaklich v. Grand County*, 278 Fed.Appx. at 802 ("Conclusory allegations ... without any supporting facts are insufficient ....") (quoting *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006)).

**Individual Owner Defendants**

Plaintiff names 93 Defendants who are owners of residential properties in the Eldorado Community Improvement Association who have "a ground-based solar structure on their respective properties in the Subdivision. Complaint at 11-17, ¶ 31. The Complaint does not appear to assert any claims against the 93 Owner Defendants because there are no factual allegations regarding the 93 Owner Defendants other than the allegation that the named Owner Defendants own "properties [which] are subject to the Covenants, and each [Owner] Defendant has a ground-based solar structure on their respective properties in the Subdivision." Complaint at 12. It appears that any claims Plaintiff is asserting against the Owner Defendants should be dismissed for failure to state a claim upon which relief can be granted. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Order to Show Cause**

The Court orders Plaintiff to show cause why the claims in her Complaint should not be dismissed for the reasons stated above. If Plaintiff asserts that any claims should not be dismissed, she must file an amended complaint with factual allegations that state a claim over which the Court has jurisdiction.

**Electronic Filing**

Plaintiff requests permission to file electronically in this case. *See* Plaintiff's Motion to Request Permission to Electronically File, Doc. 4, filed February 28, 2022.

The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (November 2019) ("approval to electronically file

documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at https://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised December 2019).

**Notice of Affirmation**

Plaintiff states she neglected to include her Notice of affirmation for Verification of Complaint on the last page of her Verified Complaint and seeks approval to file the Notice.  *See* Plaintiff's Motion to File Notice of Affirmation for Verification of Complaint, Doc. 5, filed February 28, 2022.  The Court denies the Motion to file Notice of Affirmation for Verification of Complaint as moot because Plaintiff filed a Notice of Verification on March 9, 2022.  *See* Doc. 9.

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff asks the Court to appoint counsel on the grounds that "Plaintiff has been seeking counsel for seven years to no avail" and "she cannot afford to pay for full representation." Plaintiff's Motion for Appointment of Counsel, Doc. 8, filed March 9, 2022.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012).  The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is

proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, show cause why her claims should not be dismissed and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii)    Plaintiff's Motion to Request Permission to Electronically File, Doc. 4, filed February 28, 2022, is **GRANTED.**

(iii)   Plaintiff's Motion to File Notice of Affirmation for Verification of Complaint, Doc. 5, filed February 28, 2022, is **DENIED as moot.**

(iv)     Plaintiff's Motion for Appointment of Counsel, Doc. 8, filed March 9, 2022, is

**DENIED.**

 

_____

**UNITED STATES MAGISTRATE JUDGE**