IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDIA DAIGLE,

    Plaintiff,

v.                                               No. 1:22-cv-00147-JHR

FRANCIS J. MATHEW, et al.,

    Defendants.

## ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT

The Court ordered *pro se* Plaintiff to show cause why the claims in her Complaint should not be dismissed and that if Plaintiff asserts that any claims should not be dismissed, she must file an amended complaint with factual allegations that state a claim over which the Court has jurisdiction. *See* Order to Show Cause, Doc. 11, filed March 11, 2022.

On March 28, 2022, Plaintiff filed her Complaint as a "Motion for Extension of Time to Amend." *See* Doc. 12 (now marked as "Filed in Error" because Plaintiff attached the wrong document). Because Plaintiff is proceeding *pro se*, the Court liberally construed the document as motion for an extension of time to amend and granted Plaintiff a 21-day extension of time, to April 19, 2022, to respond to the Order to Show Cause.

Plaintiff has since filed a Motion for Extension of Time seeking an extension of time until April 11, 2022, to respond to the Order to Show Cause. *See* Doc. 14, filed March 29, 2022. The Court denies Plaintiff's Motion for Extension of Time in part as moot because the Court has already granted Plaintiff an extension of time, to April 19, 2022, to respond to the Order to Show Cause.

Plaintiff also "requests a clearer explanation of what this Court means when it wants the Plaintiff to show cause why her complaint should not be dismissed." The Court has explained

why: (i) the relief Plaintiff seeks pursuant to 42 U.S.C. § 1983 appears to be barred by the *Rooker-Feldman* doctrine; (ii) Plaintiff has not established standing to challenge N.M. Stat. Ann. 3-18-32(b); and (iii) the Complaint fails to state claims upon which relief can be granted. *See* Order to Show Cause, Doc. 11, filed March 11, 2022.  The language in the Order to Show Cause instructing Plaintiff to "show cause why her claims should not be dismissed" is clear.  The Court cannot provide Plaintiff with an outline of the arguments she must make to avoid dismissal of those claims:

> Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted). Thus, although we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]" *Hall,* 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *See id.* ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff also "requests an extension of thirty (30) days for service of process as the Plaintiff has spent funds on supplies but will not print more, mail, or serve any service of process until the Plaintiff is assured her Amended Complaint has subject matter jurisdiction in this Court."  The Court grants Plaintiff a thirty-day extension of time to serve process.

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time, Doc. 14, filed March 29, 2022, is **DENIED in part.**

_____
**UNITED STATES MAGISTRATE JUDGE**