IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDIA DAIGLE,

        Plaintiff,

v.                                                                                                      No. 1:22-cv-00147-KG-JHR

FRANCIS J. MATHEW, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff is a homeowner and a member of Defendant Eldorado Community Improvement Association, Inc. ("ECIA"). *See* Complaint at 8, ¶ 16. Plaintiff alleged that on April 21, 2011, Defendant ECIA "improperly amended the non-binding Guidelines for Amended and Restated Protective Covenants and Building Restrictions for Eldorado at Santa Fe, to allow ground-based solar structures and wind turbines on residential lots, inconsistent with and in violation of the Covenants." Complaint at 4, ¶ 3.

Plaintiff "filed her Complaint for Mandatory Injunction for Breach of Covenants ("2014 Complaint") on September 26, 2014, cause 02146, in the First Judicial District Court of Santa Fe County, Santa Fe, New Mexico." Complaint at 6, ¶ 10. Defendant Francis J. Mathew, a state-court district judge, dismissed Plaintiff's 2014 Complaint with prejudice. *See* Complaint at 6, ¶ 12. Plaintiff subsequently filed a motion to void and vacate the state-court judgment in December 2018. *See* Complaint at 6, ¶ 13. In January 2019, Defendant Mathew denied Plaintiff's motion to vacate judgment as frivolous and imposed Rule 11 sanctions on Plaintiff. *See* Complaint at 6-7, ¶ 13. Defendant Julie J. Vargas, a judge on the state court of appeals, affirmed the state district court rulings. *See* Complaint at 20, ¶ 43.

Plaintiff then filed her original Complaint in this Court seeking relief from the state-court judgment. *See* Complaint at 30. United States Magistrate Judge Jerry H. Ritter notified Plaintiff that it appears that the relief Plaintiff seeks is barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

Order to Show Cause at 2-3, Doc. 11, filed March 11, 2022.

The original Complaint also brought a constitutional challenge to N.M.S.A. § 3-18-32(b). *See* Complaint at 4, ¶ 1. Judge Ritter notified Plaintiff that it appeared she had not established standing to challenge Section 3-18-32(b).

Judge Ritter also notified Plaintiff that: (i) The Complaint fails to state a conspiracy claim pursuant to 42 U.S.C. § 1985(3) because there are no factual allegations of racial or class-based motivation or that Defendants intended to deprive Plaintiff of equal protection; and (ii) The Complaint does not appear to assert any claims against the 93 Owner Defendants because there are no factual allegations regarding the 93 Owner Defendants other than the allegation that the named Owner Defendants own "properties [which] are subject to the Covenants, and each [Owner] Defendant has a ground-based solar structure on their respective properties in the Subdivision." Complaint at 12.

Judge Ritter ordered Plaintiff to show cause why her claims should not be dismissed for failure to state a claim and to file an amended complaint.

Plaintiff's Amended Complaint: (i) seeks to relitigate her state-court case; (ii) challenges the constitutionality of N.M.S.A. § 3-18-32(b); and (iii) asserts claims against the State of New Mexico, the City of Santa Fe, the County of Santa Fe and some individual Defendants pursuant to 42 U.S.C. § 1983. *See* First Amended Complaint for Declaratory Relief, Doc. 16, filed April 20, 2022 ("Amended Complaint"). Plaintiff no longer asserts conspiracy claims pursuant to 42 U.S.C. § 1985(3). Nor does she assert claims against the 93 Owner Defendants named in the original Complaint.

**The Rooker-Feldman Doctrine**

In her original Complaint, Plaintiff alleged that her complaint in the state court case:

> was defective, as it was not signed, and therefore it was insufficient to invoke the jurisdiction of the court or personal jurisdiction over the Defendant ECIA ... Plaintiff discovered her 2014 Complaint was defective in 2016 and filed her Motion to Void and Vacate the Judgment on December 31,2018. Defendant Mathew denied Plaintiff's substantive motion on January 28, 2019 saying it was frivolous and a waste of the court's resources, and then initiated Rule 1-011 sanctions against the Plaintiff.

Complaint at 18, ¶ 39; at 19-20, ¶ 42.

In the section of her Amended Complaint titled "*Rooker-Feldman* Doctrine," Plaintiff states:

> 41. Plaintiff has learned that on December 31, 2016, New Mexico Supreme Court Order No. 16-8300-007 was adopted and requires all complaints and citations commencing an action must be signed, that the municipal courts and metropolitan courts shall not accept for filing any unsigned complaint or citation and that any case commenced by an unsigned complaint or citation shall be dismissed without prejudice.
>
> 42. Plaintiff respectfully asks the Court to apply the Supreme Court's order to the Plaintiffs case so that she may proceed anew. Plaintiff alleges a nullity is a nullity, no matter when it occurred or how long it takes to recognize it. If the Court agrees, Plaintiff respectfully requests leave of ten (10) days to amend her First Amended Complaint for Damages.

Amended Complaint at 14, ¶¶ 41-42.

The Court denies Plaintiff's request to amend her Amended Complaint to relitigate the claims she asserted in her 2014 complaint in state court. The *Rooker-Feldman* doctrine bars this Court from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments where the relief requested would necessarily undo the state court's judgment. *See Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019) (stating "*Rooker-Feldman* deprives the district court of jurisdiction" in such cases). The Court is bound by and cannot disregard Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

**Section 1983 Claims Against State of New Mexico**

Plaintiff asserts due process claims against the State of New Mexico pursuant to 42 U.S.C. § 1983. *See* Amended Complaint at 18-23, ¶¶ 53-72.

The Court dismisses Plaintiff's claims against the State of New Mexico pursuant to 42 U.S.C. § 1983. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in her Amended Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

**Section 1983 Claims Against City of Santa Fe and County of Santa Fe**

Plaintiff asserts due process claims against the City of Santa Fe ("City"), the County of Santa Fe ("County"), and Kathleen S. Holian, "retired Santa Fe County Commissioner," pursuant to 42 U.S.C. § 1983. *See* Amended Complaint at 18-23, ¶¶ 53-72. The acts of the City and County alleged in the Amended Complaint occurred from 2010 through 2013

The Court dismisses Plaintiff's claims against the City, the County and Ms. Holian for failure to state a claim upon which relief can be granted. Plaintiff's claims against the City, the County and Ms. Holian are barred by the statute of limitations because there are no factual allegations that the acts or omissions of the City of Santa Fe and the County of Santa Fe giving rise to this action occurred after February 25, 2018. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

**Section 1983 Claims Against Private Defendants**

The Amended Complaint names Eldorado Community Improvement Association, Inc., Greg D. Colello, "Director of the 2014 Board of Directors, Eldorado Community Improvement Association, Inc.," and Homeowners Association Management Company," "the management company for the Eldorado Community Improvement Association," as Defendants. Amended Complaint at 1 (collectively "Private Defendants").

The Court dismisses the Section 1983 claims against the Private Defendants because there are no allegations that the Private Defendants are state actors. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). The Amended Complaint makes conclusory allegations that the Private Defendants

"collaborated" with City and County officials; but conclusory allegations are not sufficient to state a claim pursuant to Section 1983. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim"). There are no allegations that the Private Defendants agreed with and acted in concert with state officials to deprive Plaintiff of constitutional rights.

Furthermore, the Section 1983 claims against the Private Defendants are barred by the statute of limitations because there are no factual allegations that the acts or omissions of the Private Defendants giving rise to this action occurred during the three years preceding the filing of Plaintiff's original Complaint. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). The Amended Complaint alleges that Plaintiff "continues to have her fundamental constitutional rights violated by Defendant ECIA." Amended Complaint at 23, ¶ 73. However, the continuing violation doctrine does not save Plaintiff's claims from being time-barred because the allegations in the Amended Complaint do not show that Defendants committed wrongful acts from 2018 to 2022. *See Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (stating "this court has not yet decided whether [the continuing violations doctrine] should apply to § 1983 claims"; "the continuing violation doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation ... Said another way, the continuing violation doctrine, as we have defined it, would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period"). There are no allegations in the

Amended Complaint that any of the Private Defendants committed wrongful acts within the limitations period.

**Constitutional Challenge to N.M.S.A. § 3-18-32(b)**

Plaintiff asserts a "constitutional facial challenge" to N.M.S.A. § 3-18-32(b). Amended Complaint at 14-17, ¶¶ 43-52. The New Mexico statute she challenges states:

> A covenant, restriction or condition contained in a deed, contract, security agreement or other instrument, effective after July 1, 1978, affecting the transfer, sale or use of, or an interest in, real property that effectively prohibits the installation or use of a solar collector is void and unenforceable.

N.M.S.A. § 3-18-32(b). Plaintiff alleges:

> N.M.S.A. § 3-18-32(b) is problematic due to its overbreadth and vagueness. The statute does not expressly state it pertains to homeowners' associations, but the State requested the then Attorney General to draw up an opinion just for homeowners' associations, which does not express the true meaning of the statute. Plaintiff alleges it is homeowners' associations, expressly, that the statute is speaking to, so the statute is not being forthcoming so citizens and owners in homeowners' associations whose liberty and vested property interests it affects. 46. The statute is retroactive thirty (30) years, back to the implementation of the New Mexico Solar Rights Act. On its face, it seems the statute is stating that if a covenant contains a provision that expressly prohibits the installation of a solar collector, it is void and unenforceable. However, it is the phrase "conditions and restrictions" that impairs Plaintiff's Covenants, in violation of Art. I, Sec. 10, the Contracts Clause of the U.S. Constitution, and the Fourteenth Amendment of the U.S. Constitution
> ....
>
> Plaintiff alleges the statute is a substantial impairment that is being applied retroactively, in violation of Art. I, Sec. 10 of the U. S. Constitution, to Plaintiffs contractual relations and was allegedly drawn in an inappropriate and unreasonable way that has and will continue to cause injury to Plaintiff

Amended Complaint at 15-16, ¶¶ 45-46, 49.

Overbreadth

The Amended Complaint fails to state a claim that N.M.S.A. § 3-18-32(b) is overbroad. "To decide the overbreadth challenge, our 'first task is to determine whether the enactment

7

reaches a substantial amount of constitutionally protected conduct.'" *Ward v. Utah*, 398 F.3d 1239, 1247 (10th Cir. 2005) (quoting *Hoffman Estates v. Flipside,* 455 U.S. 489, 494, (1982)).

> A clear and precise enactment may nevertheless be "overbroad" if in its reach it prohibits constitutionally protected conduct. ... Because overbroad laws, like vague ones, deter privileged activity, [the Supreme Court's] cases firmly establish appellant's standing to raise an overbreadth challenge. The crucial question, then, is whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments.
>
> Grayned, 408 U.S. at 114–15, 92 S.Ct. 2294 (footnotes omitted); see also Fox, 492 U.S. at 484, 109 S.Ct. 3028 (stating that the overbreadth doctrine "enable[s] persons who are themselves unharmed by the defect in a statute nevertheless 'to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court' " (quoting Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973))).
>
> However, where, as here, the challenged ordinance addresses "conduct and not merely speech," "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick, 413 U.S. at 615, 93 S.Ct. 2908; see also 1 Smolla & Nimmer on Freedom of Speech, § 6:5. Establishing substantial overbreadth, then, "requires a comparison between the legitimate and illegitimate applications of the law." 1 Smolla & Nimmer on Freedom of Speech, § 6:6. To succeed on their overbreadth challenge "[i]t is [Plaintiffs'] burden to show, 'from the text of [the [ordinance] and from actual fact,' that substantial overbreadth exists." United States v. Brune, 767 F.3d 1009, 1020 (10th Cir. 2014) (quoting Virginia v. Hicks, 539 U.S. 113, 122, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003) (internal quotation marks omitted)).

*Harmon v. City of Norman, Okla.*, 981 F.3d 1141, 1152-53 (10th Cir. 2020).

Plaintiff's allegations do not show from the text of N.M.S.A. § 3-18-32(b) and from the alleged facts that substantial overbreadth exists. Plaintiff makes the conclusory allegation that the statute is overbroad but does not allege facts showing that the statute deters or otherwise reaches a substantial amount of constitutionally protected conduct. Nor has Plaintiff alleged facts comparing the legitimate and illegitimate applications of N.M.S.A. § 3-18-32(b).

Vagueness

The Amended Complaint fails to state a claim that N.M.S.A. § 3-18-32(b) is impermissibly vague.

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut(s) upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of (those) freedoms." Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked."

*Harmon v. City of Norman, Okla.*, 981 F.3d 1141, 1151 (10th Cir. 2020) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)); *see also Ward v. Utah*, 398 F.3d 1239, 1251 (10th Cir. 2005) (a "statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement").

There are no factual allegations showing that N.M.S.A. § 3-18-32(b) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Plaintiff alleges the statute is vague because it "does not expressly state it pertains to homeowners' associations." Amended Complaint at 15, ¶ 45. The language in the statute

> A covenant, restriction or condition contained in a deed, contract, security agreement or other instrument, effective after July 1, 1978, affecting the transfer, sale or use of, or an interest in, real property that effectively prohibits the installation or use of a solar collector is void and unenforceable.

9

clearly applies to Defendant ECIA's and other homeowner associations' covenants and restrictions. N.M.S.A. § 3-18-32(b). There are no allegations in the Amended Complaint showing that N.M.S.A. § 3-18-32(b) authorizes or encourages arbitrary discriminatory enforcement.

Impairment of Obligation of Contracts

The Amended Complaint fails to state a claim that Section 3-18-32(b) is a substantial impairment of her contract with Defendant Eldorado Community Improvement Association. Plaintiff alleges that Section 3-18-32(b) is a "substantial impairment that is being applied retroactively in violation of Art. I, Sec. 10 of the U.S. Constitution" and "may violate Article II, Section 19 of the New Mexico Constitution." Complaint at 16, ¶¶ 48-49.

The United States Constitution provides: "No State shall ... pass any ... Law impairing the Obligation of Contracts." U.S. Const. Art. I, § 10, cl. 1.

> In determining whether a statute violates the federal Contracts Clause, a court first "ask[s] whether the change in state law has operated as a substantial impairment of a contractual relationship." *General Motors Corp. v. Romein,* 503 U.S. 181, 186, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992) (internal quotation marks and citation omitted). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Id.* When a new law does substantially impair contractual relations, "the State, in justification, must have a significant and legitimate public purpose behind the [law], such as the remedying of a broad and general social or economic problem." *Energy Reserves Group v. Kansas Power & Light Co.,* 459 U.S. 400, 411–12, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983) (internal citation omitted). The court then asks whether the change in the law "[is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." *Id.* at 412, 103 S.Ct. 697 (internal quotation marks omitted). As long as "the State itself is [not] a contracting party, ... courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Id.* at 412–13, 103 S.Ct. 697 (internal quotation marks and citation omitted).

*Stillman v. Teachers Ins. and Annuity Ass'n College Retirement Equities Fund,* 343 F.3d 1311, 1321 (10th Cir. 2003).

The New Mexico Constitution provides: "No ex post facto law, bill of attainder nor law impairing the obligation of contracts shall be enacted by the legislature." N.M. Const. Art. II, § 19. The Supreme Court of New Mexico has held "that federal Contract Clause jurisprudence will, in general, be applicable in determining whether a particular state law violates the Contract Clause of our state Constitution." *Los Quatros, Inc. v. State Farm Life Ins. Co.*, 110 N.M. 750, 760 (N.M. 1990).

It appears that Plaintiff is alleging that the statute impairs her contract with Defendant ECIA by allowing the installation of ground-based solar structures because the ECIA covenants originally prohibited "permanent structures" on residential lots. There are no allegations in the Amended Complaint supporting Plaintiff's assertion that the alleged impairment is substantial. Nor are there any allegations indicating that there is no significant and legitimate public purpose behind N.M.S.A. § 3-18-32(b).

**State-Law Claims**

The Amended Complaint states: "This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other related claims that form part of the same case or controversy in any civil action in which this Court has original jurisdiction." Complaint at 2, ¶ 2.

Having dismissed all of Plaintiff's claims pursuant to federal law, the Court declines to exercise jurisdiction over Plaintiff's state-law claims and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ...the district court has dismissed all claims over which it has original jurisdiction").

**Plaintiff's Motion to Serve by Publication**

Plaintiff asks the Court for permission to serve Defendant Kathleen S. Holian by publication. The Court denies Plaintiff's motion to serve by publication because it is dismissing the claims against Defendant Holian.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Request to Serve by Publication, Doc. 21, filed June 7, 2022, is

    **DENIED.**

*[signature]*

**UNITED STATES DISTRICT JUDGE**